Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered January 22, 2003, convicting defendant, after a jury trial, of rape in third degree and endangering the welfare of a child, and sentencing him to an aggregate term of four months, with 10 years’ probation, unanimously affirmed.
Defendant’s challenge to the sufficiency of the evidence is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the evidence was legally sufficient. To the extent defendant is claiming the verdict was against the weight of the evidence, we also reject that argument (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning credibility, including its resolution of inconsistencies in testimony.
Those portions of the prosecutor’s summation to which defendant objected as vouching were fair responses to defense counsel’s attacks on the victim’s credibility (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]). In any event, nothing in the prosecutor’s summation was so egregious as to deny defendant a fair trial.
An expert’s general testimony about the reactions of adolescents to sexual abuse involving a family relationship did not bolster the victim’s testimony or attempt to prove that the charged crimes occurred (see People v Carroll, 95 NY2d 375, 387 [2000]). Defendant’s remaining contentions regarding the expert testimony and his related challenge to the court’s charge are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Sweeny, J.P., Buckley, DeGrasse, Freedman and Abdus-Salaam, JJ.